IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GARY GAYDOS, | ) |
|     Plaintiff, | ) ) ) ) |
| v. | )   Case No.     4:21-cv-388 ) |
| GULLY TRANSPORTATION, INC.,<br>SERVE:     Registered Agent<br>              Frank W. Taylor<br>              4420 Madison Ave., Ste. 200<br>              Kansas City, MO 64111 | ) )   JURY TRIAL DEMANDED ) ) ) ) |
| STEPHEN JOHNSON,<br>SERVE:     5532 Rinehart Ave.<br>            Indianapolis, IN 46241 | ) ) ) ) ) |
|     Defendants. | ) |

## **COMPLAINT**

COMES NOW Plaintiff, Gary Gaydos, by and through his undersigned counsel, states to the Court as follows:

## **GENERAL ALLEGATIONS**

1. That Plaintiff Gary Gaydos is a citizen of the State of Missouri.

2. That Defendant Gully Transportation (hereinafter referred to as "Defendant Gully") is a Delaware corporation in good standing with its principal place of business in the State of Illinois.

3. That Defendant Stephen Johnson (hereinafter referred to as "Defendant Johnson") is a citizen of the State of Indiana.

4. That Plaintiff's damages exceed $75,000.00, exclusive of interest and costs. That this Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1332.

5. That at all times relevant herein, Interstate 270 is an open and public highway located in St. Louis County, State of Missouri.

6. That on January 19, 2021, Plaintiff Gary Gaydos was operating a vehicle and traveling on Highway 270 near West Florissant Road in St. Louis County, Missouri.

7. That on January 19, 2021, Defendant Johnson was operating a tractor-trailer owned by Defendant Gully on Highway 270 and West Florissant Road while in the course and scope of his employment or agency with Defendant Gully.

8. At all times relevant hereto, Defendant Johnson was an employee and/or agent of Gully, hired by Gully and working in the course and scope of his employment and was acting on behalf of Gully at the time of the collision operating Gully's truck.

9. At all times relevant hereto, Defendant Gully was acting by and through its agents, servants and employees, including Defendant Johnson, who were acting within the course and scope of their employment and were engaged in their regular course of business.

## COUNT I
## NEGLIGENCE
## DEFENDANT JOHNSON

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count I of his Petition against Defendant Gully, states as follows:

10. Plaintiff reinstates each and every allegation contained in the General Allegations of Plaintiff's Petition as if more fully set forth herein.

11. Defendant Johnson operated his company provided commercial vehicle and was traveling at an excessive rate of speed on Hwy 270 near the intersection of West Florissant Road slammed into the rear of the vehicle driven by Plaintiff.

12. At all times hereto, Defendant Gully admits that Defendant Johnson was acting as its agent at the time of the collision and his actions are imputed upon Defendant Gully.

13. At the time of this crash on January 19, 2021, Defendant Johnson negligently operated in the tractor-trailer that caused this incident by:

    a. Driving at an excessive rate of speed for the circumstances;

    b. Failing to exercise the highest degree of care in violation of R.S.Mo 304.012.1

    c. Driving while distracted;

    d. Failing to keep a careful lookout;

    e. Failing to slacken speed and swerve;

    f. Following too closely;

    g. Failing to take proper remedial action which could have avoided this collision or minimized the impact;

    h. Rear ending Plaintiff;

    i. Operating the tractor-trailer without adequate training and experience;

    j. Failing to take remedial action which could have avoided this collision or minimized the impact; or,

    k. Driving while tired and/or fatigued in violation of 49 CFR 392.3.

14. One or more of the negligent acts or omissions by Defendant Johnson, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and resulted in the collision with Plaintiff and Plaintiff's injuries.

15. That the aforesaid collision occurred as a direct and proximate result of the carelessness, negligence and recklessness of Johnson, while acting within the course and scope of his employment or agency with Defendant Gully.

16. That as a direct and proximate result of the carelessness, negligence and recklessness of Defendant Johnson, as an agent and / or employee of Defendant Gully, with great force and violence Defendant Johnson struck the motor vehicle which Plaintiff Gary Gaydos was operating, which collision caused severe, permanent and progressive physical injuries to Plaintiff Gary Gaydos; that Plaintiff Gary Gaydos' ability to carry on normal work and labor has been substantially impaired, lessened and restricted, and will in the future continue to be restricted; that Plaintiff Gary Gaydos has been forced to incur various surgical, medical and x-ray expenses for reasonable and necessary care and treatment of his injuries, and will in the future be forced to incur additional medical expenses for reasonable and necessary medical care and treatment; that Plaintiff Gary Gaydos' ability to engage in household and recreational activities, and to enjoy the ordinary pursuits of life has been permanently impaired, lessened and restricted.

WHEREFORE, Plaintiff prays for judgment against Defendants in a just and reasonable sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for such other relief as the Court deems just and proper.

## COUNT II
## STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY
## DEFENDANT GULLY

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count II of his Petition, states as follows:

17. Plaintiff reinstates each and every allegation contained in the General Allegations and Count I of Plaintiff's Petition as if more fully set forth herein.

18. Based upon all aforementioned allegations, Defendant Gully is vicariously liable for the negligence of Defendant Johnson based upon the doctrines of statutory employment, logo, and/or lease liability.

4

19. That the aforesaid collision occurred as a direct and proximate result of the carelessness, negligence and recklessness of Johnson, while acting within the course and scope of his employment or agency with Defendant Gully.

20. That as a direct and proximate result of the carelessness, negligence and recklessness of Defendant Johnson, as an agent and / or employee of Defendant Gully, with great force and violence Defendant Johnson struck the motor vehicle which Plaintiff Gary Gaydos was operating, which collision caused severe, permanent and progressive physical injuries to Plaintiff Gary Gaydos; that Plaintiff Gary Gaydos' ability to carry on normal work and labor has been substantially impaired, lessened and restricted, and will in the future continue to be restricted; that Plaintiff Gary Gaydos has been forced to incur various surgical, medical and x-ray expenses for reasonable and necessary care and treatment of his injuries, and will in the future be forced to incur additional medical expenses for reasonable and necessary medical care and treatment; that Plaintiff Gary Gaydos' ability to engage in household and recreational activities, and to enjoy the ordinary pursuits of life has been permanently impaired, lessened and restricted.

WHEREFORE, Plaintiff prays for judgment against Defendants in a just and reasonable sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for such other relief as the Court deems just and proper.

## COUNT III
## VICARIOUS LIABILITY
## DEFENDANT GULLY

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count II of his Petition, states as follows:

21. Plaintiff reinstates each and every allegation contained in the General Allegations and Counts I and II of Plaintiff's Petition as if more fully set forth herein.

22. Based upon the prior allegations, Defendant Gully is vicariously liable for the negligence of Defendant Johnson based upon the doctrines of agency and respondeat superior.

WHEREFORE Plaintiff prays for judgment against Defendant Gully in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff, and for such other relief this Court deems just and proper under the circumstances.

## COUNT IV
## NEGLIGENCE
## DEFENDANT GULLY

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count IV of his Petition, states as follows:

23. Plaintiff reinstates each and every allegation contained in the General Allegations of Plaintiff's Petition and Counts I through III as if more fully set forth herein.

24. At all times relevant, Defendant Gully operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

25. Throughout its existence, Defendant Gully has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

26. As an interstate motor carrier, Defendant Gully has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

27. Defendant Gully had a duty to follow the various safety regulations included within Parts 390 – 397, including, but not limited to, the following:

    a. Defendant Gully had a duty to not allow or permit a driver, including Defendant Johnson, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49 C.F.R. §391.11.;

    b. Defendant Gully had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter

6

      390. 490 C.F.R. §390.13;

  c. Defendant Gully had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant Gully an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

  d. Defendant Gully had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

  e. Defendant Gully failed to follow its policies and procedures in the hiring of Defendant Johnson.

  f. Defendant Gully failed in its duty not to require or permit a driver to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle in accordance with 49 C.F.R. § 391.11;

  g. Defendant Gully had an independent duty to ensure that its drivers, including Defendant Johnson, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations. 40 C.F.R. §391 – Subpart E; or,

  h. Defendant Gully had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant Johnson on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash. 40 C.F.R. §396.3.

28. That Defendant Gully had a duty to comply with the Federal Motor Carrier Safety Regulations including the specific aforementioned regulations.

29. That it is custom and standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

30. That, at all times prior to the aforementioned collision, Defendant Gully failed to have in place an adequate safety program.

7

31. As a result of its inadequate and/or non-existent safety program, Defendant Gully violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

32. As a result of its inadequate and/or non-existent safety program, Defendant Gully allowed its drivers, including Defendant Johnson, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

33. That Defendant Gully's violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiff.

34. Defendant Gully was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

35. Defendant Gully was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Johnson, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

36. As a direct and proximate result of the independent negligence of Defendant Gully, Plaintiff suffered significant permanent injuries.

37. That the aforesaid collision occurred as a direct and proximate result of the carelessness, negligence and recklessness of Johnson, while acting within the course and scope of his employment or agency with Defendant Gully.

38. That as a direct and proximate result of the carelessness, negligence and recklessness of Defendant Johnson, as an agent and / or employee of Defendant Gully, with great force and violence Defendant Johnson struck the motor vehicle which Plaintiff Gary Gaydos was operating, which collision caused severe, permanent and progressive physical injuries to Plaintiff Gary Gaydos; that Plaintiff Gary Gaydos' ability to carry on normal work and labor has been substantially impaired, lessened and restricted, and will in the future continue to be restricted; that Plaintiff Gary Gaydos has been forced to incur various surgical, medical and x-ray expenses for reasonable and necessary care and treatment of his injuries, and will in the future be forced to incur additional medical expenses for reasonable and necessary medical care and treatment; that Plaintiff Gary Gaydos' ability to engage in household and recreational activities, and to enjoy the ordinary pursuits of life has been permanently impaired, lessened and restricted.

WHEREFORE, Plaintiff prays for judgment against Defendants in a just and reasonable sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for such other relief as the Court deems just and proper.

**COUNT V**
**DIRECT NEGLIGENCE**
**NEGLIGENT HIRING AND/OR RETENTION**
**DEFENDANT GULLY**

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count V of his Petition, states as follows:

39. Plaintiff reinstates each and every allegation contained in the General Allegations of Plaintiff's Petition and Counts I through IV as if more fully set forth herein.

40. At all times hereto, Defendant Gully's tractor trailer was being operated by its driver Defendant Johnson, who was acting as Gully's agent at the time of the collision and his actions are imputed upon Defendant Gully.

41. At all relevant times hereto, Defendant Gully was the employer of Defendant Johnson.

42. The employment and assigned duties of Defendant Johnson, established by Defendant Gully, required Defendant Johnson to operate a commercial vehicle.

43. At all pertinent times hereto, Defendant Gully, failed to follow its policies and procedures in hiring Defendant Johnson.

44. That for the above stated reasons, Defendant negligently breached its duty through one or more of the following acts and/or omissions:

   a. Defendant Gully, after its screening process and application process, hired Defendant Johnson; or,

   b. Defendant Gully failed to follow its policies and procedures in the hiring of and retention of Defendant Johnson.

45. That as a direct and proximate result of the carelessness, negligence and recklessness of Defendant Johnson, as an agent and / or employee of Defendant Gully, with great force and violence Defendant Johnson struck the motor vehicle which Plaintiff Gary Gaydos was operating, which collision caused severe, permanent and progressive physical injuries to Plaintiff Gary Gaydos; that Plaintiff Gary Gaydos' ability to carry on normal work and labor has been substantially impaired, lessened and restricted, and will in the future continue to be restricted; that Plaintiff Gary Gaydos has been forced to incur various surgical, medical and x-ray expenses for reasonable and necessary care and treatment of his injuries, and will in the future be forced to incur additional medical expenses for reasonable and necessary medical care and treatment; that Plaintiff Gary Gaydos' ability to engage in household and recreational activities, and to enjoy the ordinary pursuits of life has been permanently impaired, lessened and restricted.

WHEREFORE, Plaintiff prays for judgment against Defendants in a just and reasonable sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for such other relief as the Court deems just and proper.

## COUNT VI
## DIRECT NEGLIGENCE
## NEGLIGENT ENTRUSTMENT
## DEFENDANT GULLY

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count VI of his Petition, states as follows:

46. Plaintiff reinstates each and every allegation contained in the General Allegations and Count I through V of Plaintiff's Petition as if more fully set forth herein.

47. At all relevant times hereto, Defendant Gully was the employer of Defendant Johnson.

48. Defendant Johnson negligently operated the Gully truck when he was distracted on the highway at an excessive speed for the circumstances when he rear ended the vehicle Plaintiff was operating.

49. As the employer for Defendant Johnson, Gully entrusted Johnson with its tractor trailer when it knew or should have known that he was inadequately trained to operate a tractor trailer without being distracted and was otherwise not capable of operating it safely and properly on the open and public thoroughfares of Missouri highways and roads.

50. Defendant Gully, by and through its responsibility of an employer to properly supervise their employee, including Defendant Johnson, knew or should have known of Johnson's lack of adequate training or otherwise known of his propensity to drive while distracted.

51. That as a direct and proximate result of the carelessness, negligence and recklessness of Defendant Johnson, as an agent and / or employee of Defendant Gully, with great force and violence Defendant Johnson struck the motor vehicle which Plaintiff Gary Gaydos was operating, which collision caused severe, permanent and progressive physical injuries to Plaintiff Gary Gaydos; that Plaintiff Gary Gaydos' ability to carry on normal work and labor has been substantially impaired, lessened and restricted, and will in the future continue to be restricted; that Plaintiff Gary Gaydos has been forced to incur various surgical, medical and x-ray expenses for reasonable and necessary care and treatment of his injuries, and will in the future be forced to incur additional medical expenses for reasonable and necessary medical care and treatment; that Plaintiff Gary Gaydos' ability to engage in household and recreational activities, and to enjoy the ordinary pursuits of life has been permanently impaired, lessened and restricted.

WHEREFORE, Plaintiff prays for judgment against Defendants in a just and reasonable sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for such other relief as the Court deems just and proper.

## **COUNT VII**
## **DIRECT NEGLIGENCE**
## **NEGLIGENT TRAINING**
## **DEFENDANT GULLY**

COMES NOW Plaintiff, by and through his undersigned counsel, and, in the alternative, for Count VII of his Petition, states as follows:

52. Plaintiff reinstates each and every allegation contained in the General Allegations and Count I through VI of Plaintiff's Petition as if more fully set forth herein.

53. Defendant Gully owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Johnson, on the safe operation of a tractor-trailer.

54. Defendant Gully failed to properly instruct Defendant Johnson on the safe operation of a tractor-trailer.

55. Defendant Gully owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Johnson, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

56. At all times prior to the aforementioned collision, Defendant Gully had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

57. Such duties include, but are not limited to:

   a. To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §380.109 and 49 C.F.R. §380.509;

   b. To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.  49 C.F.R. §380.503; or,

   c. To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505.

58. Defendant Gully had a duty to properly instruct its drivers, including Defendant Johnson on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

59. Defendant Gully failed to properly instruct Defendant Johnson on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

60. Defendant Gully owed the general public, including Plaintiff, a duty to provide ongoing safety courses to its drivers, including Defendant Johnson.

61. Defendant Gully failed to provide adequate continuing safety courses to Defendant Johnson.

62. Defendant Gully had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

63. Defendant Gully breached its duty to the general public, including Plaintiff, by its failing to properly train Defendant Johnson; Defendant Gully's tractor-trailer driver, was unqualified or otherwise incompetent and should not have been permitted to operate a tractor-trailer.

64. Based on Defendant Johnson's driving history, inadequate experience, and training, Defendant Gully knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

65. That Defendant Gully was negligent in failing to properly train its drivers, including Defendant Johnson, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

66. That Defendant Gully was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

67. That Defendant Johnson's aforementioned negligent actions and/or inactions resulted from Defendant Gully failing to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

68.     Plaintiff's damages were directly and proximately caused by Defendant Gully's breach of and failure to comply with its duty to properly train Defendant Johnson, its tractor-trailer driver.

69.     That as a direct and proximate result of the carelessness, negligence and recklessness of Defendant Johnson, as an agent and / or employee of Defendant Gully, with great force and violence Defendant Johnson struck the motor vehicle which Plaintiff Gary Gaydos was operating, which collision caused severe, permanent and progressive physical injuries to Plaintiff Gary Gaydos; that Plaintiff Gary Gaydos' ability to carry on normal work and labor has been substantially impaired, lessened and restricted, and will in the future continue to be restricted; that Plaintiff Gary Gaydos has been forced to incur various surgical, medical and x-ray expenses for reasonable and necessary care and treatment of his injuries, and will in the future be forced to incur additional medical expenses for reasonable and necessary medical care and treatment; that Plaintiff Gary Gaydos' ability to engage in household and recreational activities, and to enjoy the ordinary pursuits of life has been permanently impaired, lessened and restricted.

WHEREFORE Plaintiff prays for judgment against Defendant Gully in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries and for such other relief this Court deems just and proper under the circumstances.

**COUNT VIII**
**DIRECT NEGLIGENCE**
**NEGLIGENT SUPERVISION**
**DEFENDANT GULLY**

COMES NOW Plaintiff, by and through his undersigned counsel, and, in the alternative, for Count VIII of his Petition, states as follows:

70. Plaintiff reinstates each and every allegation contained in the General Allegations and Count I through VII of Plaintiff's Petition as if more fully set forth herein.

71. Defendant Gully owed the general public, including Plaintiff, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

72. Defendant Gully had a duty to not permit a driver, including Defendant Johnson, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 C.F.R. §392.3.

73. Defendant Gully had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving. 49 C.F.R. §391.25.

74. Defendant Gully had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer. 49 C.F.R. §391.41, 391.43.

75. Defendant Gully had a duty to maintain a driver qualification file for each driver it employs. 49 C.F.R. §391.51

76. Defendant Gully had a duty to maintain a driver investigation history file for each driver it employs. 49 C.F.R. §391.53.

77. Defendant Gully had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law. 49 C.F.R. §392.6.

78. Defendant Gully had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

79. Defendant Gully breached the above duties to the general public, including to the Plaintiff, by its failing to properly supervise Defendant Johnson; Defendant Gully's tractor-trailer driver was unqualified or otherwise incompetent and should have been discharged prior to this crash.

80. Based on Defendant Johnson's driving history, lack of supervision and continued retention by his employer, Defendant Gully knew or had information from which Defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury or death to other persons operating or traveling in motor vehicles on public roads, streets and highways.

81. Plaintiff's damages were directly and proximately caused by Defendant Gully's breach of and failure to comply with its duty to properly train Defendant Johnson, its tractor-trailer driver.

82. That as a direct and proximate result of the carelessness, negligence and recklessness of Defendant Johnson, as an agent and / or employee of Defendant Gully, with great force and violence Defendant Johnson struck the motor vehicle which Plaintiff Gary Gaydos was operating, which collision caused severe, permanent and progressive physical injuries to Plaintiff Gary Gaydos; that Plaintiff Gary Gaydos' ability to carry on normal work and labor has been substantially impaired, lessened and restricted, and will in the future continue to be restricted; that Plaintiff Gary Gaydos has been forced to incur various surgical, medical and x-ray expenses as and for reasonable and necessary care and treatment of his injuries, and will in the future be

forced to incur additional medical expenses for reasonable and necessary medical care and treatment; that Plaintiff Gary Gaydos' ability to engage in household and recreational activities, and to enjoy the ordinary pursuits of life has been permanently impaired, lessened and restricted.

WHEREFORE Plaintiff prays for judgment against Defendant Gully in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for their injuries and for such other relief this Court deems just and proper under the circumstances.

                O'LEARY, SHELTON, CORRIGAN,
                PETERSON, DALTON & QUILLIN, LLC

By   */s/James T. Corrigan*
      James T. Corrigan   #45127
      Michael J. Quillin    #61877
      1034 S. Brentwood Blvd., 23rd Floor
      St. Louis, MO 63117
      (314) 405-9000 telephone
      (314) 405-9999 facsimile
      corrigan@osclaw.com
      quillin@osclaw.com

      Attorneys for Plaintiff