**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| GARY GAYDOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-388-SPM |
| ) | |
| GULLY TRANSPORTATION, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Strike Claim for Punitive Damages in Plaintiffs' First Amended Complaint (Doc. 32). The motions have been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 22). For the following reasons, the motion will be denied.

**I.   FACTUAL BACKGROUND**

On January 19, 2021, Gary Gaydos was operating a vehicle on Interstate 270 near West Florissant Road in St. Louis County, Missouri. First Amended Complaint ("FAC"), Doc. 25, ¶ 8. Defendant Stephen Johnson was driving a tractor-trailer owned by his employer, Defendant Gully Transportation, Inc. ("Defendant Gully"). *Id.* at ¶ 9. Johnson rear-ended Gaydos's car, causing "severe, permanent and progressive physical injuries" to Gaydos. *Id.* at ¶¶ 15, 18. As a result of these injuries, Gaydos died on April 17, 2021. *Id.* at ¶ 18.

Shortly before his death, Gaydos filed the instant diversity action in this Court against both defendants. *See generally* Complaint, Doc. 1. After Gaydos passed away, his wife Betty Gaydos ("Plaintiff") was substituted as plaintiff and filed the FAC under Missouri's wrongful death statute. *See generally* FAC. In the FAC, Plaintiff alleges a claim of negligence against Defendant Johnson

and claims of vicarious liability, statutory employment/logo/lease liability, negligence, negligent hiring and/or retention, negligent entrustment, negligent training, and negligent supervision against Defendant Gully.

In the instant motion, Defendants ask the Court to strike several paragraphs of the FAC, as well as Plaintiff's prayer for aggravated damages, arguing that Plaintiff is improperly seeking punitive damages in an initial pleading, in violation of Missouri law.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on a motion made by a party. "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). "Striking a party's pleading, however, is an extreme and disfavored measure." *Id.*

## III.   DISCUSSION

Defendants move to strike certain allegations in Plaintiff's First Amended Complaint, arguing that they violate the recently-enacted Mo. Rev. Stat. § 510.261(5),[1] which states, "No initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court." Defendants argue that Plaintiff may only assert a claim for punitive damage after obtaining the Court's leave pursuant to the process set forth in Section 510.261(5). This process requires the claimant to file a written motion, "supported by affidavits, exhibits, or other discovery materials establishing a establishing a reasonable basis for recovery of punitive damages," and permits the

---

[1] The parties do not dispute that Missouri's substantive law governs this diversity case. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 79–80 (1938); *Keller Farms, Inc. v. McGarity Flying Serv., LLC*, 944 F.3d 975, 979 (8th Cir. 2019).)

opponent to file evidence in response. *Id.* The statute further states, "If the trial court concludes, following its review of all materials submitted in connection with the motion, that based on the evidence to be admitted at trial a trier of fact could reasonably conclude, based on clear and convincing evidence, that the standards for a punitive damage award contained in [Section 510.261] have been met, the court shall grant leave to file the pleading seeking a punitive damage award." *Id.* Defendant argues that the requirements of this statute are substantive, not procedural, and should apply to this diversity action.

In her opposition, Plaintiff argues that Mo. Rev. Stat. § 510.261(5) creates a procedural hurdle that is in conflict with federal procedural rules, and that the federal rules must apply in this case. Specifically, Plaintiff argues that Federal Rule of Civil Procedure 8, which governs the requirements for pleadings in federal court, does not bar claims for punitive damages from being pleaded in a complaint. Rule 8(a) provides, in relevant part, "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiff argues that the conflict between the federal rule and the state law must be resolved in favor of the federal law.

The Eighth Circuit does not appear to have addressed the question of whether Mo. Rev. Stat. § 510.261(5) applies in federal court proceedings. However, district courts that have had occasion to decide the issue have consistently held that it does not. *See Bartek v. Lawrence*, No. 4:21-CV-01070, 2021 WL 4523075, at *1 (E.D. Mo. Oct. 1, 2021); *Anderson v. R.J. Reynolds Tobacco Co.*, No. 4:20-CV-01610-MTS, 2021 WL 352165, at *7 (E.D. Mo. Aug. 11, 2021); *Rardon v. Falcon Safety Prod., Inc.*, No. 20-6165-CV-SJ-BP, 2021 WL 2008923, at *13 (W.D.

Mo. May 4, 2021); *Kilburn v. Autosport Acquisitions, LLC*, No. 1:20-CV-211, 2021 WL 307550, at *1-*2 (E.D. Mo. Jan. 29, 2021).

In *Kilburn*, the defendant moved to strike a claim for punitive damages because the plaintiff had not sought leave to file such a claim, as required by § 510.216(5). *Kilburn*, 2021 WL 307550, at *1. The court noted that in *Shady Grove Orthopedic Associates., P.A. v. Allstate Insurance Company*, 559 U.S. 393 (2010), the Supreme Court instructed that "[a] federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Id.* (quoting *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015)). The court further noted, "Courts need not 'wade into *Erie*'s murky waters' when the Federal Rule satisfies both requirements. *Kilburn*, 2021 WL 307550, at *2 (quoting *Shady Grove*, 559 U.S. at 398).

Addressing the first *Shady Grove* requirement the *Kilburn* court found that "Section 510.261(5) and Rule 8 answer the same question—may a punitive damages claim be included in an initial complaint?—in opposite ways: § 510.261(5) answers the question 'no—never.' Rule 8 answers the question 'yes—always.'" *Kilburn*, 2021 WL 307550, at *2. Addressing the second requirement, the *Kilburn* court found that Rule 8 does not violate the Rules Enabling Act, stating:

> There is a high bar to challenge a rule under the Rules Enabling Act, and the Supreme Court has rejected every challenge to a federal rule that has come before it. *Shady Grove*, 559 U.S. at 407. The Rules Enabling Act empowers the Supreme Court to "prescribe general rules of practice and procedure and rules of evidence" for the federal courts, 28 U.S.C. § 2072(a), but . . . such rules "shall not abridge, enlarge or modify any substantive right" id. § 2072(b). *Id.* A rule is properly categorized as procedural if it "really regulates procedure[.]" *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941). Here, Rule 8 governs the pleading standard and content of a complaint. As such, it regulates procedure, and is valid under the Rules Enabling Act.

*Kilburn*, 2021 WL 307550, at *2. The court then applied Rule 8 and denied the defendant's motion to strike the claim for punitive damages. *Id.*

The other judges in this district to have considered the issue have adopted the reasoning of the *Kilburn* court and come to the same conclusion. *See Anderson*, 2021 WL 3525165, at *7 ("The Court agrees with *Kilburn*'s reasoning and likewise holds that under the Supreme Court's test announced in *Shady Grove* it should not apply the Missouri statute's prohibition on asserting a claim for punitive damages in an initial pleading, and Rule 8 instead governs the pleading requirements in this case."); *Bartek v. Lawrence*, No. 4:21-CV-01070-JAR, 2021 WL 4523075, at *1 (E.D. Mo. Oct. 1, 2021) (adopting the reasoning of *Anderson* and *Kilburn* and concluding "that it should not apply the prohibition in § 510.261 on asserting a claim for punitive damages in an initial pleading").

After review of the parties' briefs and the relevant law, the Court finds the reasoning of *Kilburn*, *Anderson*, and *Bartek* persuasive and will adopt the reasoning and conclusions of those courts.

The Court is not persuaded by Defendants' contention that the Rule 8(a) and Mo. Rev. Stat. § 510.261(5) can "coexist and be applied without conflict." *See* Def.'s Reply, Doc. 36, at 3. Under Rule 8(a), pleading that states a claim for relief in federal court "must contain . . . a demand for the relief sought." In a case where the "relief sought" includes punitive damages, Rule 8 plainly authorizes the plaintiff to include a request for such damages in the pleading. In contrast, Mo. Rev. Stat. § 510.261(5) would preclude the same plaintiff from including a request for such damages in the pleading, at least unless and until the plaintiff follows a specific procedure and the Court grants leave. The rules are in conflict.

The Court is also not persuaded by Defendants' suggestion that this Court follow the reasoning of *Kuehn v. Shelcore, Inc.*, 686 F. Supp. 233, 233 (D. Minn. 1988), in which the court held that a Minnesota statute addressing the standard for motions for leave to amend claims for punitive damages, rather than Federal Rule of Civil Procedure 15, applied in federal court. Contrary to Defendants' assertion that this approach is "well-established," in more recent cases, courts have rejected this approach in light of the Supreme Court's decision in *Shady Grove*. Indeed, in one of the cases cited by Defendant, the court recognized this, stating:

> [C]ourts have recently taken another look at the practice [of applying Minn. Stat. § 549.191, rather than Rule 15, in diversity cases] and analyzed whether Rule 15 or Minn. Stat. § 549.191 should be applied in view of the 2010 United States Supreme Court's decision in *Shady Grove Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). The large majority of these courts now apply Rule 15 instead of Minn. Stat. § 549.191 when considering motions to add punitive damage claims.

*Xiaolin Li v. Franchoice, Inc.*, No. 19-CV-1267 (MJD/ECW), 2020 WL 2192325, at *3 (D. Minn. May 6, 2020) (collecting cases). This Court declines to follow the holdouts. *Accord Bartek*, 2021 WL 4523075, at *1 (rejecting the same argument and noting "the questionable precedential value" of *Kuehn*).

### IV.  CONCLUSION

For all of the above reasons, the Court finds that the pleading requirements in this case are governed by Federal Rule of Civil Procedure 8 and not by Mo. Rev. Stat. § 510.261(5). Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Claim for Punitive Damages in Plaintiffs' First Amended Complaint (Doc. 32) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of October, 2021.