**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| BETTY GAYDOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-388-SPM |
| | ) | |
| GULLY TRANSPORTATION, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant Gully Transportation, Inc.'s Motion to Dismiss Counts II, IV, V, VI, VII and VIII of Plaintiff's Amended Complaint (Doc. 30). The motion has been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 22). For the following reasons, the motion will be granted in part and denied in part.

## I. FACTUAL BACKGROUND

On January 19, 2021, Gary Gaydos was operating a vehicle on Interstate 270 near West Florissant Road in St. Louis County, Missouri. First Amended Complaint ("FAC"), Doc. 25, ¶ 8. Defendant Stephen Johnson was driving a tractor-trailer owned by his employer, Defendant Gully Transportation, Inc. ("Defendant Gully"). *Id.* at ¶ 9. Johnson rear-ended Mr. Gaydos's car, causing "severe, permanent and progressive physical injuries" to Mr. Gaydos. *Id.* at ¶¶ 15, 18. As a result of these injuries, Mr. Gaydos died on April 17, 2021. *Id.* at ¶ 18.

Shortly before his death, Mr. Gaydos filed the instant diversity action in this Court against both defendants. *See generally* Complaint, Doc. 1. After Mr. Gaydos passed away, his wife Betty Gaydos ("Plaintiff") was substituted as plaintiff and filed the FAC pursuant to Missouri's wrongful

death statute. *See generally* FAC. In the FAC, Plaintiff alleges a claim of negligence against Defendant Johnson (Count I) and claims of *respondeat superior* liability, statutory employment/logo/lease liability, negligence, negligent hiring and/or retention, negligent entrustment, negligent training, and negligent supervision against Defendant Gully (Counts II– VIII, respectively). Plaintiff seeks actual damages and aggravated/punitive damages in each count.[1] Both defendants have admitted that "Defendant Johnson was acting in the course and scope of his employment with Defendant Gully at all times relevant." Gully Answer, Doc. 28, ¶ 9; Johnson Answer, Doc. 29, ¶ 9.

In the instant motion, Defendant Gully has moved to dismiss Counts II, IV, V, VI, VII, and VIII under Rule 12(b)(6). Plaintiff agrees that Count II should be dismissed, Doc. 35 at 3 n.1, but otherwise opposes the motion.

## II.   LEGAL STANDARD

Under Rule 8(d)(3), "[a] party may state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). However, for any given claim to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, though it need not accept the legal conclusions. *Id.* Additionally, "[w]here the

---

[1] Defendants moved to strike the allegations related to punitive damages and the requests for punitive damages from the Amended Complaint, but the Court denied that motion. (Doc. 43).

allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## III.   DISCUSSION

Defendant Gully has moved to dismiss Counts II, IV, V, VI, VII, and VIII under Rule 12(b)(6). First, Defendant argues that all of these claims should be dismissed, because once an employer has admitted *respondeat superior* liability (as Defendant Gully has here), it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability. Second, Defendant Gully argues that Count II should be dismissed because Plaintiff has not alleged sufficient facts to state a claim under any of those doctrines. The Court will address each argument below.

### A.   COUNT II: STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY

Defendant argues that Count II should be dismissed because Plaintiff has not alleged facts sufficient to state a claim for logo liability, statutory employment, or lease liability. In her response, Plaintiff offers no counter-argument and seeks leave to dismiss Count II without prejudice because Defendants have admitted that Defendant Johnson was an employee of Defendant Gully at the time of the collision. The Court will grant Defendants' motion to dismiss Count II and will dismiss the claim without prejudice.

### B.   COUNTS IV, V, VI, VII, AND VIII

The Court next considers the argument that Counts IV, V, VI, VII, and VIII should be dismissed because Defendant Gully has admitted *respondeat superior* liability. Defendant Gully relies principally on *McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995). In *McHaffie*, a plaintiff injured in an accident sued the driver of a vehicle and the driver's employer,

alleging a claim of negligence against the driver, a claim of vicarious liability against the employer, and claims of negligent hiring and supervision against the employer. *Id.* at 824. The jury returned a verdict allocating a percentage of fault to the employer based on vicarious liability for the driver's negligence and a separate percentage of fault to the employer based on negligent hiring. *Id.* at 825. The Missouri Supreme Court held that "once the agency relationship was admitted, it was error to permit a separate assessment of fault to defendant [employer] based upon the 'negligent entrustment' or 'negligent hiring' theories of liability"; it also held that it was error to admit evidence on those theories. *Id.* at 827. The Missouri Supreme Court reasoned as follows:

> If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of courts and litigants is unnecessarily expended. In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case. Once vicarious liability for negligence is admitted under *respondeat superior*, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. The liability of the employer is fixed by the amount of liability of the employee. This is true regardless of the "percentage of fault" as between the party whose negligence directly caused the injury and the one whose liability for negligence is derivative.

*Id.* at 826 (internal citations omitted). The *McHaffie* court suggested in *dicta* that there might be some situations in which this general rule might not apply, noting as one example that it is "possible that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee." *Id.* However, the court did not decide whether any such exceptions to the general rule existed. *Id.*

In 2013, the Missouri Court of Appeals held that the general rule set forth in *McHaffie* does not apply where punitive damages are sought against the employer, stating:

> The rationale for the Court's holding in *McHaffi*e was that, where vicarious liability was admitted and none of the direct liability theories could prevail in the

absence of proof of the employee's negligence, the employer's liability was necessarily fixed by the negligence of the employee. McHaffie, 891 S.W.2d at 826. Thus, any additional evidence supporting direct liability claims could serve only to waste time and possibly prejudice the defendants. Id.

The same cannot be said, however, when a claim for punitive damages based upon the direct liability theories is raised. If an employer's hiring, training, supervision, or entrustment practices can be characterized as demonstrating complete indifference or a conscious disregard for the safety of others, then the plaintiff would be required to present additional evidence, above and beyond demonstrating the employee's negligence, to support a claim for punitive damages. Unlike in the *McHaffie* scenario, this evidence would have a relevant, non-prejudicial purpose. And because the primary concern in *McHaffie* was the introduction of extraneous, potentially prejudicial evidence, we believe that the rule announced in *McHaffie* does not apply where punitive damages are claimed against the employer, thus making the additional evidence both relevant and material.

*Wilson v. Image Flooring, LLC*, 400 S.W.3d 386, 393 (Mo. Ct. App. 2013).

Federal courts in Missouri consistently followed *Wilson* and have held that where an employer might be liable for punitive damages under theories of liability other than *respondeat superior*, a plaintiff may assert alternative theories of liability against the employer even where the employer has admitted *respondeat superior* liability. *See Sanford v. K&B Transp., Inc.*, No. 1:20 CV 180 ACL, 2021 WL 4552206, at *3 (E.D. Mo. Oct. 5, 2021) (denying a negligent driver's employer's motion for judgment on the pleadings on claims of direct negligence, negligent hiring/retention, negligent supervision/retention, and negligent training claims; relying on *Wilson* and stating, "Because Defendant may be liable for punitive damages, Defendant's admission of vicarious liability does not necessarily require dismissal [of the counts against the employer] under *McHaffie*); *Monroe v. Freight All Kinds, Inc.*, et al., No. 18-CV-03238-SRB, 2020 WL 6589000, at *2-*3 (W.D. Mo. Nov. 10, 2020) (rejecting an employer's argument that it was entitled to summary judgment on claims of negligence and negligent hiring/training/supervision/entrustment because it had admitted vicarious liability for its employee's negligence; reasoning that the plaintiff sought punitive damages on each claim and that "Missouri courts have . . . held that there

is a punitive damages exception to *McHaffie*'s general rule"); *Kyles v. Celadon Trucking Servs., Inc.*, No. 6:15–CV–03193–MDH, 2015 WL 6143953, at *4 (W.D. Mo. Oct. 19, 2015) (relying on *Wilson* and denying a defendant employer's *McHaffie*-based motion to dismiss the claims against it; reasoning that the employer "may be liable for punitive damages that would not be assessed against [the employee] and that would require the presentation of evidence above and beyond demonstrating [the employee's] negligence").

This Court finds the reasoning of *Wilson* and the above cases persuasive and will follow those cases. In the Amended Complaint, Plaintiff seeks punitive damages against Defendant Gully Transportation Company. Plaintiff may need to obtain discovery (and eventually present evidence) in support of the claims for punitive damages that goes above and beyond demonstrating Defendant Johnson's negligence. Thus, as in the above cases, *McHaffie* does not require dismissal of Counts IV, V, VI, VII, or VIII, and Defendant's motion to dismiss will be denied with respect to those claims. [2]

## IV.   CONCLUSION

For all of the above reasons,

**IT HIS HEREBY ORDERED** that Defendant Gully Transportation, Inc.'s Motion to Dismiss Counts II, IV, V, VI, VII and VIII of Plaintiff's Amended Complaint (Doc. 30) is

---

[2] In its reply brief, Defendant Gully also suggests that Plaintiff has not alleged sufficient facts to support a claim for punitive damages. The Court will not consider this argument, which was raised for the first time in Defendant's reply brief. *See Green v. Missouri*, 734 F. Supp. 2d 814, 848 (E.D. Mo. 2010) ("As a general rule, courts will not consider arguments raised for the first time in a reply." (citing *Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir.2006)); *Monroe*, 2020 WL 6589000, at *3 (rejecting the defendant employer's *McHaffie*-based motion for summary judgment on direct negligence claims; declining to consider the employer's alternative argument that there was insufficient evidence to support a claim for punitive damages, because that argument was raised for the first time in the defendant's reply brief).

**GRANTED IN PART and DENIED IN PART**. With respect to Count II, the motion is

**GRANTED**. With respect to Counts IV, V, VI, VII, and VIII, the motion is **DENIED**.


_____

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of November, 2021.