UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BETTY GAYDOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-388-SPM |
| | ) **REDACTED VERSION** |
| GULLY TRANSPORTATION, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on two motions: (1) Plaintiff Betty Gaydos's Motion for Approval of Wrongful Death Settlement (Doc. 95); and (2) Plaintiff's Motion for Leave to File Documents Under Seal (Doc. 93)**.** The Court held a hearing on February 15, 2023, by Zoom, on the Motion for Approval of Wrongful Death Settlement. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 22).

I.  **BACKGROUND**

On April 2, 2021, Gary Gaydos filed the initial complaint in this case, asserting several claims against Defendant Gully Transportation, Inc. ("Gully") and Stephen Johnson related to injuries Mr. Gaydos suffered in a motor vehicle accident on January 19, 2021. Mr. Gaydos died on April 17, 2021. His wife, Betty Gaydos, was substituted as the plaintiff and filed an amended complaint pursuant to Missouri's Wrongful Death Statute, Mo. Rev. Stat. § 537.080. Mrs. Gaydos alleged that on January 19, 2021, Mr. Gaydos was operating a vehicle on Highway 270 when his vehicle was rear-ended by a tractor-trailer owned by Defendant Gully and driven by Defendant Johnson, an employee of Gully operating the truck in the course of his employment. Mrs. Gaydos

– 1 –

alleged that Defendant Johnson's negligent and reckless driving was the cause of the collision, which caused Mr. Gaydos to be severely injured and to eventually die from those injuries. Mrs. Gaydos asserted several counts against Defendant Johnson and Defendant Gully related to her husband's death.

On January 18, 2023, the parties filed a Joint Memorandum informing the Court that they had reached a settlement of Plaintiff's claims. Because the settlement involves a wrongful death claim brought pursuant to Mo. Rev. Stat. § 537.080, the settlement must be approved by the Court. In support of such approval, Plaintiff submitted a Motion for Approval of Wrongful Death Settlement, supported by an affidavit from Plaintiff, affidavits from Mr. Gaydos's two adult children (who are beneficiaries under the settlement), a copy of the Confidential Settlement Agreement and Release of All Claims (the "Settlement Agreement"), and a Disbursement Statement describing the proposed distribution of settlement proceeds. Plaintiff also filed a Motion for Leave to File Documents Under Seal (Doc. 93), asking the Court to keep under seal the Settlement Agreement and Disbursement Statement. The Court will address the sealing issue first.

**II.     PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978), and *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). "The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, No. 4:19-CV-03410-SRC, 2021 WL 3860328, at *2

(E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

In Plaintiff's Motion for Leave to File Documents Under Seal, filed pursuant to Rule 13.05 of the Local Rules for the United States District Court for the Eastern District of Missouri, Plaintiff requests that two exhibits be filed under seal: Exhibit A, the Confidential Settlement and Release of All Claims (Doc. 94-1); and Exhibit B, the Disbursement of Funds (Doc. 94-2), which shows the total settlement amount, the amounts that will be distributed to Plaintiff and the other beneficiaries, the amount that will go to satisfying a Workers' Compensation lien, the amount that will be paid as attorneys' fees, and the amount that will be used to pay case expenses. Plaintiff states that no party objects to having Exhibits A and B filed under seal. In her Memorandum in Support of Plaintiff's Motion for Leave to File Documents Under Seal, Plaintiff argues that Exhibits A and B contain confidential information, including the total amount of the settlement and its apportionment.

The Court finds compelling reasons for sealing Exhibits A and B. After review of the Settlement Agreement, it appears that confidentiality was an important component of the Settlement Agreement, and it appears likely that the settlement would not have been achieved had the parties believed that the terms would become public. Allowing such materials to remain confidential promotes the goal of encouraging settlement. *See, e.g., Long v. Gyrus ACMI, Inc.*, No. 4:18-CV-00004-SEP, 2021 WL 1985054, at *1 (E.D. Mo. May 18, 2021) ("The alternative dispute

resolution process is a critical tool to aid parties in settling their claims, and settlements are often possible only if the terms are kept confidential. The public has an interest in encouraging settlements, which require fewer public resources than litigation."). The Court also finds that the public interest in Exhibits A and B is minimal. The Court will therefore permit Exhibits A and B to be filed under seal.[1]

Following the hearing, in compliance with Local Rule 13.05(A)(4)(c), Defendant filed redacted versions of Exhibits A and B. (Doc. 101 & Doc. 101-1). Those redacted versions of Exhibits A and B will be available in the public record.

### III. MOTION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT

Under Missouri law, the Court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. Section 537.095 provides, in relevant part, that if multiple parties have standing to sue under the wrongful death statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court, . . . provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080." Mo. Rev. Stat. § 537.095.1. In addition, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." *Id.* § 537.095.3. After apportioning damages, the Court is required to order the claimant to do the following:

---

[1] Because the total settlement amount was stated on the record at the hearing, the Court has also entered an order stating that if a transcript of the hearing is requested, the parties will be given an opportunity to review the transcript and request redactions to the same before it is filed in the public record. (Doc. 102).

> (1) To collect and receipt for the payment of the judgment;
>
> (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted . . .;
>
> (3) To acknowledge satisfaction in whole or in part for the judgment and costs;
>
> (4) To distribute the net proceeds as ordered by the court; and
>
> (5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.

*Id.* § 537.095.4.

The Court first considers whether the movants have diligently attempted to notify all parties having a cause of action under § 537.080. Pursuant to Mo. Rev. Stat. § 537.080, the persons with a cause of action for wrongful death are "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or . . . the father or mother of the deceased, natural or adoptive." Mo. Rev. Stat. § 537.080.1(1). Plaintiff has submitted affidavits stating that Plaintiff is the surviving spouse of Mr. Gaydos and that Gary Drew Gaydos and Georgia Elizabeth Gaydos are Mr. Gaydos's surviving adult children. Additionally, at the hearing, Plaintiff testified that to her knowledge, Mr. Gaydos had no other children, and that Mr. Gaydos's parents predeceased him. Accordingly, the Court concludes that all individuals who may have a cause of action under § 537.080 have been provided with notice of this case and are already named as beneficiaries in the Settlement Agreement.

The Court next considers whether to approve the total settlement amount. Although section 537.095 requires court approval of a settlement, "does not identify a standard for 'approval' of the amount of a settlement." *Johnson v. City of Hazelwood*, No. 4:14CV00286 SNLJ, 2017 WL 492822, at *2 (E.D. Mo. Feb. 7, 2017). Courts have taken guidance from § 537.090, which directs the trier of fact to award "such damages as the trier of the facts may deem fair and just for the

– 5 –

death and loss thus occasioned" and which lists several factors for the trier of fact to consider.[2] *See Johnson*, 2017 WL 492822, at *2; *Long*, 2021 WL 1985054, at *2 & n.2. The Court's assessment of what is fair and just in the settlement context should be "informed not only by the actual damages allowable under § 537.090, but also by the likelihood of success if the case were to be tried, both on the questions of liability and allowable damages." *Johnson*, 2017 WL 492822. at *2.

Plaintiff, who is represented by counsel, has negotiated a settlement with Defendants for all claims against them for the total amount of [REDACTED]. Plaintiff and the other beneficiaries state, in affidavits, that they believe the settlement is fair and reasonable and in their best interests; that they understand that entering this settlement will forever bar any further claims they may have against Defendants for the death of Gary Gaydos or the January 19, 2021 collision; that by entering into a settlement, they are waiving a potential jury trial at which a judgement in excess of the settlement amount could have been awarded, and that they want the Court to approve the settlement. Based on the above, the testimony of Plaintiff at the hearing confirming the above, and

---

[2] This provision states, in relevant part:

> In every action brought under section 537.080, the trier of the facts may give to the party or parties entitled thereto such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death and without limiting such damages to those which would be sustained prior to attaining the age of majority by the deceased or by the person suffering any such loss. In addition, the trier of the facts may award such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued. The mitigating or aggravating circumstances attending the death may be considered by the trier of the facts, but damages for grief and bereavement by reason of the death shall not be recoverable.

Mo. Rev. Stat. § 537.090.

the Court's consideration of the case as a whole, the Court finds that the settlement is fair, just, and reasonable.

The Court next considers the apportionment of the settlement amount between the plaintiff and the two other beneficiaries, the adult children of the decedent. Missouri law requires the Court to apportion the damages among persons entitled to damages "in proportion to the losses suffered by each as determined by the court." Mo. Rev. Stat. § 537.095.3. *See also Macke v. Patton*, 591 S.W.3d 865, 870-71 (Mo. 2019). Plaintiff states that she and the two other beneficiaries have agreed to the allocation of the settlement proceeds set forth in Exhibit B, which results in a net payment of [REDACTED] to Georgia Elizabeth Gaydos, [REDACTED] to Gary Drew Gaydos, and [REDACTED] to Plaintiff, and that assertion is supported by affidavits from all three beneficiaries. At the hearing, Plaintiff testified about the close relationship Mr. Gaydos had with both of his children throughout their lives. Based on the affidavits of the beneficiaries and Plaintiff's testimony at the hearing, the Court finds that the apportionment proposed by the parties reflects the losses suffered by the beneficiaries, and the Court will apportion the damages as proposed by the parties.

Finally, the Court considers the question of attorneys' fees and expenses. Generally, the Court is to order payment of attorney's fees "as contracted" out of the parties' respective settlement proceeds. Mo. Rev. Stat. § 537.095.4(2). *See also, e.g., Bishop v. Nico Terrace Apartments, LLC*, No. 4:09-CV-1718-MLM, 2010 WL 2556846, at *4 (E.D. Mo. June 23, 2010). Here, the Disbursement of Funds statement in Exhibit B, which all beneficiaries have agreed to, shows that Plaintiff contracted to pay an attorney's fee of 40%, such that [REDACTED] in attorney's fees are to be deducted from the gross settlement amount. Exhibit B further provides that [REDACTED] in case costs and [REDACTED] for a workers' compensation lien are to be deducted from the gross amount of the settlement. Following these deductions, [REDACTED] will remain to be

– 7 –

distributed to the beneficiaries. The Court finds the agreed-upon distribution of fees, expenses, and lien payments to be reasonable and sees no basis for departing from the parties' proposal.

For all of the above reasons, the Court approves the Confidential Settlement Agreement and Release of All Claims in Exhibit A and will order distribution of the settlement proceeds as set forth in Exhibit B.

## IV.   CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Documents Under Seal (Doc. 93) is **GRANTED.** Exhibit A (Doc. 94-1) and Exhibit B (Doc. 94-2) to the Memorandum in Support of Plaintiff's Motion for Leave to File Documents Under Seal shall remain sealed.

**IT IS FURTHER ORDERED** that the Motion for Approval of Wrongful Death Settlement (Doc. 95) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Betty Gaydos's claims against Defendants Gully Transportation, Inc., and Stephen Johnson be settled for the total amount of [REDACTED], inclusive of attorneys' fees, costs, and liens.

**IT IS FURTHER ORDERED** that Plaintiff shall collect payment from Defendants and shall execute an acknowledgment of satisfaction with the Court within **fourteen (14) days** of receiving the payment from Defendants.

**IT IS FURTHER ORDERED** that Plaintiff shall deduct and pay attorney's fees, case costs, and workers' compensation lien amounts as set forth in Exhibit B to the Memorandum in Support of Plaintiff's Motion for Leave to File Documents Under Seal (Doc. 94-2).

**IT IS FURTHER ORDERED** that Plaintiff shall distribute the remaining proceeds of the settlement to the beneficiaries as set forth in Exhibit B to the Memorandum in Support of Plaintiff's

Motion for Leave to File Documents Under Seal (Doc. 94-2).

**IT IS FURTHER ORDERED** that after the amounts set forth herein have been distributed to all persons owed money pursuant to this Memorandum and Order, Plaintiff shall file a notice with the Court advising that the payments have been distributed as ordered. Following receipt of this notice, the Court will enter a separate order dismissing Plaintiff's claims against Defendants with prejudice.

**IT IS FURTHER ORDERED** that this Memorandum and Order shall be **SEALED**. A redacted version of this Memorandum and Order will be filed on the public docket.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of February, 2023.